**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

GREGORY BOONE                                                                                       PLAINTIFF

V.                                                         CIVIL ACTION NO.:4:08CV52-WAP-DAS

WARDEN BYRD, ET AL.                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION**

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was held in this case on August 21, 2008, to determine if there exists a justiciable basis for plaintiff's claims filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that while confined at Delta Correctional Facility several prison officials and members of the prison medical staff denied him proper medical treatment with regard to his broken foot and hypertension. During the *Spears* hearing plaintiff testified that after hearing his foot pop during gym call, he went to medical staff and told them his foot was broken. Plaintiff said that Nurse Smith and another nurse diagnosed a sprain and denied his request to go to a hospital. Plaintiff said the nurses gave him a glove of ice, crutches and ibuprofen and, before sending him back to his building, told him he would receive an X-ray five days later because Wednesday was the only day that X-rays were given. Plaintiff testified that he received

ibuprofen twice before Wednesday, once the following day, Sunday, and once on Monday. When he returned to the nurse's station on Tuesday, Nurse Fluker refused to give him more ibuprofen. And, when he inquired about receiving an X-ray, Fluker told him he was not on the list and would have to complete another sick call request. Fluker also told him he would not receive an X-ray the following day because the new sick call request wasn't submitted early enough.

Plaintiff further testified that when he was in severe pain the following morning, he was allowed to go to medical where Michael Beckum, a nurse practitioner, examined him and ordered that his name be placed on the X-ray list. The following Wednesday, plaintiff's foot was x-rayed, and Nurse Beckum determined that it was indeed broken. When plaintiff inquired about going to a hospital, Nurse Beckum denied his request and sent him back to his building. Plaintiff said he was placed on the bottom bunk, but had to continue showering with a broken foot until he received a cast five days later. Plaintiff testified that Dr. Barr, a private physician in Clarksdale, MS, placed the cast on his foot. Plaintiff said that after receiving the cast, medical staff responded to his inquiry about taking showers by telling him he would have to take sponge baths using the sink. Plaintiff testified that notwithstanding the nurses' response, corrections officers on duty gave him plastic bags and chair to shower in when he requested them. Plaintiff said that when case managers did inspections, however, they would take the chair, and he would not be able to shower on those days. Plaintiff testified that on one occasion after getting into an altercation with Case Manager Wiley about the situation, she took his chair and told him that she was going to have him moved to another part of the building.

Plaintiff also claims that during this time he suffered from hypertension. One particular

2

morning, the time for his regular treatment was moved to a time when an inmate count was being conducted, and he was not allowed to leave his building. When plaintiff arrived for treatment immediately after the count, Officer Bullock told him he was too late and advised him to take the matter up with the captain. When plaintiff went to Captain Reeves, a brief altercation occurred between the two, and she ordered him to return to his building. After plaintiff returned to his building, Officer Buchanan sent him to medical where he was immediately treated for an elevated blood pressure reading.

During the *Spears* hearing, plaintiff also made an oral motion to amend his complaint to add the president of Corrections Corporation of America ("CCA") for hiring unqualified staff. He also requested to add Dr. Barr because he was not satisfied with the treatment he provided. Specifically, plaintiff testified that the cast Dr. Barr placed on his foot was soft on the bottom and that his foot was "balled up" inside it.

In order for a plaintiff to prevail on an Eighth Amendment claim for delay or denial of adequate medical care, plaintiff must allege facts which demonstrate "deliberate indifference to . . . [a] serious medical need[] . . . [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle*, 429 U.S. at 105. Nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*,

766 F.2d 179 (5th Cir.1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim.").

In light of the allegations raised in the complaint and the testimony given by plaintiff, his complaint fails to state a constitutional claim. Plaintiff has failed to allege any facts sufficient to indicate that any defendant was "deliberately indifferent" to his serious medical needs. Plaintiff's claim that the medical staff misdiagnosed his broken foot and refused him an immediate X-ray rises to the level of a negligence claim at best. Furthermore, by his own admission he received immediate and ongoing treatment until his foot was placed in a cast a couple of weeks following his accident. And, his need for plastic bags and a chair for the shower were obviously subjective. As regards his hypertension, plaintiff's complaint that his regular treatment was briefly delayed is simply frivolous. Plaintiff's own testimony shows he was simply dissatisfied with the medical treatment he received and that he felt he was entitled to much better care. However, a prisoner's dissatisfaction with the treatment he received does not state a constitutional claim.

Lastly, plaintiff's request to amend his complaint to add the president of CCA and Dr. Barr would not help his complaint. In order to state a claim for monetary damages under § 1983, Plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Accordingly, adding the

president of CCA would be futile.  Adding Dr. Barr would be futile as well.  In order to hold a defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).  In this case, Dr. Barr was probably not a state actor.  Nonetheless, plaintiff's dissatisfaction with the treatment he received from Dr. Barr rises to the level of a negligence claim at best.   Therefore, it is my recommendation, that the entire complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 3rd day of September, 2008.

    /s/   David A. Sanders
    **UNITED STATES MAGISTRATE JUDGE**